ORIGINAL
FILED

07 NOV 15  PM 4: 27

RICHARD W. WIEKING
U.S. DIST'' COURT

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX    **E-FILING**
2160 The Alameda, 1st Flr. Suite F
San José, CA 95126-1001
TEL: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiff(s):
LEANDRO G. PEREZ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSÉ DIVISION

| | |
|---|---|
| LEANDRO G. PEREZ,<br><br>                    Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC., CAVALRY SPV I, LLC., CAVALRY INVESTMENTS, LLC., WINN AND ASSOCIATES f/k/a WINN AND SIMS, and DOES 1 to 10, inclusive,<br><br>                    Defendant(s). | Case No.  C07 05815  JF RS<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 U.S.C. § 1692 *et seq.*, and<br><br>Malicious Prosecution |

## I. INTRODUCTION

1. In what can only be described as an unfair, unconscionable and oppressive act Defendants filed a time-barred suit against a senior citizen.  Mr. Leandro G. Perez is an unsophisticated consumer that because of circumstances must work part-time to

1

make ends meet. Defendants sued Mr. Perez, a senior citizen, on a time-barred debt in the hopes of being able to garnish his wages, oppress him into repaying the time-barred debt and/or execute on an ill gotten gain through other means.  Fortunately, Mr. Perez successfully defended the underlying state suit, but not before Defendants subjected him to a psychological and physical nightmare.

## II. FACTUAL ALLEGATIONS

2.  To help his grandson purchase an automobile Mr. Leandro Perez (hereinafter "Plaintiff"), co-signed for a vehicle on February 22, 1998 by signing a contract and security agreement that was later assigned to Primus Automotive Financial Services. The contract was a consumer credit obligation (hereinafter "debt").  The debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).  Additionally, the debt was acquired by means of a "consumer credit transaction," as that term is defined by Cal. Civil Code § 1788.2(e), between Plaintiff and Primus.

3.  A few years later his grandson became late on the payments and the finance company repossessed and sold the automobile on or about July 24, 2000.  After the sale the finance company alleged that Plaintiff still owed a debt of almost $5,000.00.

4.  On information and belief, in 2006 the alleged debt was purchased, assigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

5.  On or about March 2006 Defendant Cavalry Portfolio Services, or one of its agents, obtained Plaintiff's credit report.

6.  Defendant Cavalry Portfolio Services, or one of its agents, obtained Plaintiff's credit reports on other occasions in the year 2006.

7.  The credit reports evidence the fact the debt was time-barred.

8.  Defendants began sending collection letters to Plaintiff and made telephone calls to Plaintiff in an attempt to collect a debt.

9.  During Defendants' telephone calls, and conversations with Plaintiff they stated they would get their money one way or another and that if he did not pay the debt they would garnish his wages and seize his personal property, including his automobile.

10. Plaintiff told Defendants that the car had been picked up a long time ago, much time had passed and why were they calling now?

## Defendants filed a time-barred suit

11. On November 16, 2006, Defendants Winn and Associates f/k/a Winn and Sims acting on behalf and for Defendants sued Plaintiff to collect on the debt.  Defendants served Plaintiff with a copy of the summons and complaint sometime on or about December 3, 2006, a true and correct of the summons and complaint are attached as **Exhibit 1**. The complaint is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a (2) and "debt collection" as that term is defined in Cal. Civil Code §1788.2(b).

12. The complaint is signed by Brian N. Winn, attorney and agent for Defendants, and includes an affidavit pursuant to Cal. Civ. Code §2984.4 wherein Mr. Winn declares under penalty of perjury that the contract was sued upon and Plaintiff resides in the judicial district where the lawsuit was filed.

13. Defendants sued Plaintiff on a time-barred debt.

14. In fact, the complaint fails to state that Plaintiff became indebted to Defendants within four years of filing the complaint, and the exhibits attached to the complaint evince the fact that the debt was time-barred or had other evidentiary and legal problems.

15. Defendants' lawsuit and conduct caused Plaintiff to suffer severe and substantial emotional distress, and become anxious, scared, worried and stressed.  Defendants conduct caused Plaintiff to fixate on the fact that he had no money to pay Defendants that his wages would be garnished and he was close to losing his personal property.

16. Also, Defendants conduct caused Plaintiff to begin experiencing fainting spells and vomiting.  The episodes lasted for almost four days.  Eventually, Plaintiff was rushed to the emergency room for medical attention to alleviate the pain and suffering that Defendants had caused.

COMPLAINT FOR DAMAGES

17. Plaintiff was hospitalized and took medication as directed by his physician.

18. On information and belief, Defendants knew or should have known before it filed the lawsuit that the debt was time barred or had other evidentiary and legal problems. Defendants hoped to gain a default against Plaintiff or deceive him into making a subsequent payment to revive the statute of limitations.

19. Additionally, on information and belief, Defendants knew or should have known when it bought the portfolio of debt that included Plaintiff's debt that the debt was most likely time barred or had other evidentiary and legal problems.

20. Additionally, on information and belief, Defendants were unwilling or unable to obtain evidence to prevail on the merits when it filed the lawsuit against Plaintiff.

21. On April 13, 2007, counsel for Plaintiff filed a general demurrer to Defendants lawsuit which was set for a hearing on May 18, 2007. Counsel also sent a letter to Defendants requesting any evidence that the debt was not time barred, and absent any evidence to dismiss the matter immediately  Plaintiff also sent a Demand for Items on Account pursuant to C.C.P. §445.

22. In response, Defendants provided documentation that showed the debt to be time-barred, and provided no documentation to the contrary.

23. Upon learning of the demurrer Defendants tried to force Plaintiff to sign a mutual release and refused to dismiss the matter immediately.

24. Plaintiff refused to sign the release and demanded Defendants dismiss the lawsuit.

25. Finally, on May 7, 2007, Defendants dismissed the matter with prejudice, a true and copy of the dismissal is attached as **Exhibit 2**.

26. On information and belief, Defendants have a pattern, and practice of abusive, and unlawful collection practices similar to the above, including unfair and unconscionable attempts to collect time-barred debts.

27. Defendants conduct caused Plaintiff to suffer panic attacks, anxiety, dizziness, vomiting, mental anguish, trouble sleeping, headaches, emotional distress, constant worry, upset stomach, amongst other negative emotions.

28. Additionally, Plaintiff missed time from work because of the emotional distress caused by Defendants.

29. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

## III. JURISDICTION

30. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## IV. VENUE

31. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

32. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## V.  INTRADISTRIC ASSIGNMENT

33. This lawsuit should be assigned to the San José Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Monterey County.

## VI. PARTIES

34. Plaintiff, Leandro G. Perez, is a natural person residing in Monterey County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a (3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

35. Defendant, Cavalry Portfolio Services, LLC, is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.  Defendant Cavalry Portfolio Services, LLC, may be served as follows: Cavalry Portfolio Services, LLC, c/o CT Corporation System.

36. Defendant, Cavalry SPV I, LLC, is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.  Defendant Cavalry SPV I, LLC, may be served as follows: Cavalry SPV I, LLC, c/o The Corporation Trust Company Corporation Trust Center, 1203 Orange Street, Wilmington, DE, 19801.

37. Defendant, Cavalry Investments, LLC, is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.  Defendant Cavalry Investments, LLC may be served as follows: Cavalry Investments, LLC, c/o CT Corporation System.

38. Defendant Winn and Associates f/k/a Winn & Sims is a law office engaged in the business of collecting debts in this state with its principal place of business located at 110 E. Wilshire Avenue, Suite 212, Fullerton, CA 92832.

39. The principal business of Defendant Cavalry Portfolio Services, LLC, Defendant Cavalry SPV I, LLC, Defendant Winn and Associates f/k/a Winn and Sims, and Defendant Cavalry Investments, LLC, is the collection of debts using the mails and phone or any instrumentality of interstate commerce.  Defendant Cavalry Portfolio Services, LLC., Defendant Cavalry SPV I, LLC., Defendant Winn and Associates f/k/a Winn and Sims, and Defendant Cavalry Investments, LLC regularly attempts to collect debts either directly or indirectly  alleged to be due another.  Defendant Cavalry Portfolio Services, LLC., Defendant Cavalry SPV I, LLC., Defendant Winn and Associates f/k/a Winn and Sims, and Defendant Cavalry Investments, LLC are "debt collectors" within the meaning of 15 U.S.C. § 1692a (6), and third-party debt collectors subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  Additionally, Defendant Cavalry Portfolio Services, LLC., Defendant Cavalry SPV I, LLC., Defendant Winn and Associates f/k/a Winn and Sims, and Defendant Cavalry Investments, LLC., are "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

40. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to

6

Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Defendant is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and caused damages thereby to the Plaintiff, as hereinafter alleged.  Defendant, DOES 1-10, are and each of them is, a "debt collector" within the meaning of 15 U.S.C. § 1692a (6) and Cal. Civil Code § 1788.2(c).

41. At all times mentioned in all paragraphs, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendant and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Defendants authorized, approved, conducted, and/or ratified the wrongful acts herein. Any reference to "Defendant" or "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named in all paragraphs.

42. Plaintiffs are informed and believes, and thereon alleges that at all times herein mentioned, Defendants, and DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction and that said Defendants, and each of them, have regularly conducted business in the County of Monterey and this judicial district.

## VII. CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiffs bring the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et.seq.  Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

7

44. Defendants' acts and omissions violated the provisions of the FDCPA 15 U.S.C. 1692 et seq., including but not limited to: 15 U.S.C. §§ 1692d, 1692e, and 1692f.

45. Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff and others in violation of 15 U.S.C. §1692d.

46. Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C. §1692e.

47. Defendants threatened to take legal action that cannot be taken, and took legal action that cannot be taken, in violation of 15 U.S.C. §1692e (5).

48. Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U.S.C. §1692e (10).

49. Defendants used unfair or unconscionable means to collect the debt in violation of 15 U.S.C. §1692f.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION

50. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

51. Defendants' earlier action against Plaintiff was pursued to a legal termination in favor of Plaintiff.

52. Defendants' knowingly sued a senior citizen on a time-barred debt.

53. Defendants' earlier action against Plaintiff was brought, and/or continued without probable cause.

54. Defendants' earlier action was initiated, or continued with malice.

55. Defendants' actions were malicious, oppressive and fraudulent, warranting an award of punitive or exemplary damages.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court grant:

A. Judgment against Defendants for violation of the FDCPA

B. Statutory damages pursuant to 15 U.S.C. §1692k.

8

C. Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k.

D. Treble damages pursuant to Civil Code §3345.

E. Special, general, compensatory damages and punitive damages.

Dated 11/15/2007

_____
Balám O. Letona
Attorney for Plaintiff

## IX. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Leandro G. Perez, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

_____
Balám O. Letona, Esq.
Attorney for Plaintiff

9

SU**MMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

NOV 1 6 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
LEANDRO G PEREZ AKA LEANDRO PEREZ,
BOBBY PEREZ
DOES 1 to 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE)*:
CAVALRY PORTFOLIO SERVICES, LLC, as assignee of CAVALRY
SPV I, LLC, as assignee of PRIMUS AUTO FIN. SVCS.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter of phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamda telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la carte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y le corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www. lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>Superior Court of California<br>County of Monterey<br>1200 Aguajito Rd.<br>Monterey, CA 93940 | CASE NUMBER:<br>*(Número de Caso)*: **M81708** |

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
BRIAN N. WINN (STATE BAR NO. 86779)    STEPHEN R. PRITSKER (STATE BAR NO. 158566)
JOHN E. GORDON (STATE BAR NO. 180053)    **WINN AND SIMS, A P.C.  (714) 446-6686**
THE CHAPMAN BUILDING, 110 E. WILSHIRE AVENUE, SUITE 212 FILE NO: 06-13747-0
FULLERTON, CALIFORNIA 92832        DAR(1910-00)

| DATE:<br>*(Fecha)* • NOV 1 6 2006 | LISA M. GALDOS | Clerk, by<br>*(Secretario)* | ~~DEIRDRE K. DINEEN~~ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT** 

1  BRIAN N. WINN (State Bar No. 86779)
   STEPHEN R. PRITSKER (State Bar No. 158566)
2  JOHN E. GORDON (State Bar No. 180053)
   Winn and Sims, A Professional Corporation
3  THE CHAPMAN BUILDING
   110 E. WILSHIRE AVE., SUITE 212
4  FULLERTON, CA 92832
   (714) 446-6686
5  File No: 06-13747-0-DAR(1910-00)
   Attorney for Plaintiff
6

# FILED

NOV 16 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINEEN DEPUTY

SUPERIOR COURT OF CALIFORNIA

MONTEREY COUNTY,   MONTEREY DISTRICT

BY FAX

Case No.   **M 8 1 7 0 8**

**"LIMITED CIVIL CASE"**

COMPLAINT FOR BREACH
OF CONTRACT, DEFICIENCY
BALANCE; OPEN BOOK ACCOUNT

DEMAND AMOUNT: $5,558.84

CAVALRY PORTFOLIO SERVICES,
LLC, as assignee of CAVALRY
SPV I, LLC, as assignee of
PRIMUS AUTO FIN. SVCS.

                    Plaintiff,

vs

LEANDRO G PEREZ AKA LEANDRO
PEREZ; BOBBY PEREZ
DOES 1 TO 10, Inclusive


                    Defendant(s)


    Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, as assignee of CAVALRY
SPV I, LLC, as assignee of PRIMUS AUTO FIN. SVCS. complains of
Defendants, and each of them, singularly and collectively, that:
    1.  The true names and capacities of Defendants herein sued by
the fictitious names of DOES 1 TO 10, Inclusive, are unknown to
Plaintiff, who therefore sues those Defendants under, pursuant to, and
in accordance with the provisions of Section 474 of the Code of Civil
Procedure.  Plaintiff will ask leave of court to amend this complaint

**EXHIBIT 1**

1  after the true names and capacities of Defendants named herein as DOES

2  1 TO 10 have been ascertained.

3      2.  At all times herein mentioned, Defendants were the agents,

4  servants and employees of each other and in doing the things

5  allegedherein, they were acting in that capacity.

6      3.  Plaintiff is now and was at all times alleged herein, a

7  corporation, duly organized and authorized to do business in the State

8  of California.

9      4.  Plaintiff is informed and believes and thereon alleges

10 that Defendant BOBBY PEREZ is an individual who resides in the City of

11 Salinas, County of MONTEREY, State of California.

12     5.  Plaintiff is informed and believes and thereon alleges

13 that Defendant BOBBY PEREZ is an individual who resides in the City of

14 Salinas, County of MONTEREY, State of California.

15

16                    FIRST CAUSE OF ACTION

17                    Breach of Agreement

18                    (Against All Defendants)

19     6.  Plaintiff repleads and incorporates herein Paragraphs 1

20 through 5 of this complaint.

21     7.  On or about February 22, 1998, Defendants executed an

22 agreement in writing (hereinafter "Agreement") for the purchase of a

23 motor vehicle (hereinafter "the vehicle").  A true copy of this

24 Agreement is attached hereto as Exhibit "A".

25     8.  On or about February 22, 1998, the agreement and all

26 right, title and interest in and to the vehicle were sold,

27 transferred, conveyed and assigned to Plaintiff.

28     9. The Agreement provides for Defendants to pay to Plaintiff

1   60 monthly installments of $278.76 starting on February 24, 1998 and

2   for Plaintiff to retain a security interest in the vehicle until the

3   agreement is paid in full.

4       10.   This is a simple interest loan wherein interest is

5   computed at the rate of 5.000% per annum on the declining balance.

6       11. Defendant defaulted on the payments due pursuant to the

7   agreement.   Demand for the amount in default or return of the

8   vehicle was made on Defendants, but they failed and now refuse to

9   pay the amount due or return the vehicle to Plaintiff.

10      12. As a result, Plaintiff repossessed the vehicle and gave

11  Defendants notice of Plaintiff's intent to (1) sell the vehicle and

12  (2) apply the proceeds from the sale to the sums due on the

13  agreement.   A copy  of the notice is attached hereto as Exhibit "B"

14  and is incorporated herein by this reference thereto.

15      13.   Defendants neither redeemed the vehicle nor reinstated

16  the contract.   As a result, Plaintiff sold the vehicle, applied the

17  proceeds from the sale to the sums due on the agreement, and

18  established a deficiency balance of $5,558.84.   In selling the

19  vehicle, Plaintiff acted in good faith and proceeded in a

20  commercially reasonable manner.

21      14.   Plaintiff made demand on Defendants for payment of the

22  deficiency balance, but Defendants failed and now refuse to pay that

23  sum to Plaintiff.   As a result, Plaintiff has been damaged in that

24  amount, plus interest on that sum from January 28, 2003 at the

25  contractual rate.   Plaintiff's damages are within the jurisdictional

26  limits of this court.

27      15.   Under the agreement and/or by virtue of a statute,

28  plaintiff is entitled to recover a reasonable sum for attorney fees

**COMPLAINT FOR BREACH OF CONTRACT - DEFICIENCY BALANCE AND COMMON COUNTS**

1  incurred as a result of this action.

2      16.  All conditions precedent to performance of the motor

3  vehicle lease agreement by Defendants have been performed, waiver,

4  released or other wise extinguished.

5

6  <center>SECOND CAUSE OF ACTION</center>

7  <center>Open Book Account</center>

8  <center>(Against All Defendants)</center>

9      17.  Plaintiff herein repleads and incorporates herein

10 Paragraphs 1 through 4 of this complaint.

11     18.  Within the last four years, Defendants were indebted to

12 Plaintiff for 5,558.84 ("the amount due") on an open book account.

13     19.  Plaintiff made demand on Defendants for payment of the

14 amount due, but Defendants failed and now refuse to pay that sum to

15 Plaintiff.  As a result, Plaintiff has been damaged in that amount,

16 plus interest on that sum from January 28, 2003 at the highest legal

17 rate allowed by law.

18     20.  Under an agreement and/or by virtue of a statute,

19 Plaintiff is entitled to recover a reasonable sum for attorney fees

20 incurred as a result of this action.

21     WHEREFORE, Plaintiff prays for judgment against

22 Defendants, and each of them, individually and collectively, as

23 follows:

24

25 FOR THE FIRST CAUSE OF ACTION:

26   1.  For principal damages in the sum of $5,558.84;

27   2.  For interest thereon at the rate of 5.000%

28      from January 28, 2003 until paid in full;

4. For cost of suit, and

5. For such other and further relief as the Court deems just and proper.

## FOR THE SECOND CAUSE OF ACTION:

1. For principal in the sum of $5,558.84;

2. For interest thereon from January 28, 2003 to the date of judgment at the highest legal rate allowed;

3. For reasonable attorneys fees;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.


Dated: October 17, 2006

Brian N. Winn
Attorney for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT - DEFICIENCY BALANCE AND COMMON

EXHIBIT

A

**SIMPLE INTEREST MOTOR VEHICLE CONTRACT AND SECURITY AGREEMENT** DEAL NO. 58520

| | | | | | | |
|---|---|---|---|---|---|---|

BUYER'S NAME | DATE OF CONTRACT
LEANDRO G PEREZ | 02/22/98

BUYER'S RESIDENCE OR PLACE OF BUSINESS | ZIP CODE | AGREEMENT No.
PO BOX 8461 EL CAMINO REAL    GONZALES    CA 93908

CO-BUYER'S NAME AND ADDRESS
BOBBY PEREZ    212 PACIFICO PL    SOLEDAD    CA 93960

In this contract the words "I", "us" and "our" refer to the creditor (seller) named herein. If upon your assignment, its assignee. The words "you" and co-buyer if any named herein. We and you the motor vehicle described below on credit. The credit price is shown below at the "Total Sale Price." The "Cash Price" is also shown below. By signing this contract you choose to buy the "vehicle" on credit and agree to pay the Total Sale Price, according to the schedules, terms and agreements shown on the front and back of this contract. If this contract is signed by a buyer and co-buyer, each is individually and jointly responsible for all agreements in the contract.

SEE OTHER SIDE FOR ADDITIONAL TERMS AND AGREEMENTS:

| | YEAR | MAKE | BTL | DOORS | MDL TYPE | MODEL | ODOMETER READING | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|---|---|---|---|
| USED | 37 | GMC | | | PU | SONOMA | 16544 | 1G1LS1446VH600228 |

COLOR | BROWN

### DISCLOSURES PURSUANT TO THE TRUTH-IN-LENDING ACT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ NONE |
|---|---|---|---|---|
| 13.10 % | $ 4501.26 | $ 12224.34 | $ 17726.60 | $ 17726.60 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| One Payment of | 200.00 | 02/27/98 |
| One Payment of | 800.00 | 03/13/98 |
| 69 Payments | 278.76 | Monthly, beginning 03/24/98 |
| One Final Payment | 278.76 | 02/24/03 |

**SECURITY:** You are giving a security interest in the goods or property being purchased.

**LATE CHARGE:** Applies only if checked. If any payment is more than 10 days late, you will be charged 5% of the late amount.
☐ Applies only if checked. If any payment is not received by the first banking day which is at least 11 days after the due date, you will be charged 5% of the delinquent installment or $26.00, whichever is less.

**PREPAYMENT:** If you pay your contract in full before it is maturity, you may be charged a minimum finance charge. See your contract documents for any additional information about nonpayment, default, any required prepayment in full before the scheduled date and a minimum finance charge payable upon prepayment.

NOTICE: The names and addresses of all persons to whom the notices required or permitted by law to be sent are set forth at the top of this form.

| ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|
| A. Cash Price Motor Vehicle and Accessories $10888.00 | | (A) |
| 1. Cash Price Vehicle ............ $10888.00 | | |
| 2. Cash Price Accessories ...... $ NONE | | |
| B. Document Preparation Charge ....... $ 45.00 | | (Not a governmental fee) |
| C. Smog Fee Paid to Seller ....... $ 51.25 | | (C) |
| D. Sales Tax (on A+B+C) ....... $ 745.48 | | (D) |
| E. Luxury Tax ....... $ NONE | | (E) |
| F. Service Contract (optional) ....... $ NONE | | (F) |
| G. Other ....... $ NONE | | (G) |
| TOTAL CASH PRICE (A thru G) ......... $ | | (1) |
| AMOUNTS PAID TO PUBLIC OFFICIALS | | |
| A. License ....... $ 266.00 | | (A) |
| B. Registration ....... $ NONE | | (B) |
| C. Smog Impact Fee ....... $ NONE | | (C) |
| TOTAL OFFICIAL FEES (A+B+C) ....... | | (2) |
| AMOUNT PAID TO INSURANCE COMPANIES | | |
| (Total premiums per Statement of Insurance a + b)* ....... $ NONE | | (3) |
| SMOG CERTIFICATION FEE PAID TO STATE ....... | | (4) |
| TOTAL (1 TO 4) ....... | | (5) |

A. Trade-In (Description)
Yr _____ Make _____
Model _____ $ NONE (A)
V.I.N. _____
Odometer _____
B. Less Pay Off ....... $ NONE (B)
C. TRADE-IN (A less B) ....... $ NONE (C)
D. Deferred downpayment due before
   second installment payment ....... $ NONE (D)
E. MFR'S Rebate ....... $ NONE (E)
F. Remaining cash downpayment ....... $ NONE (F)
TOTAL DOWNPAYMENT (C+D+E+F) ....... $ NONE (6)
AMOUNT FINANCED (5 less 6) ....... $ 12224.34 (7)

* We may retain, or receive, a portion of this amount.

### NOTICE OF RESCISSION RIGHTS

THERE IS NO COOLING OFF PERIOD

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.

Buyer acknowledges that (1) before signing this agreement Buyer read both sides of this agreement and received a legible, completely filled-in copy of this agreement; and (2) Buyer has received a copy at every other document that Buyer signed during the contract negotiation.

Buyer's Signature X _Leandro G Perez_

Co-Buyer's Signature X _Bobby Perez_

LAW FORM NO. 553 CALIF.

## ADDITIONAL TERMS AND AGREEMENTS

**A. PROMISE TO PAY:** You promise to pay the down payment and the Amount Financed, plus the finance charges on the Amount Financed, as shown in the Payment Schedule. The Finance charges [illegible] be computed daily on a simple interest basis by applying the Annual Percentage Rate to the unpaid portion of the Amount Financed until all sums due under this contract are fully paid. Payments w[illegible] applied first to any unpaid deferred downpayment, then to the finance charges and then to repay the Amount Financed.

**B. SIMPLE INTEREST CONTRACT:** This is a simple interest contract. The Finance Charge, Total of Payments and Payment Schedule shown may differ from the amount you will ultimately have to p[illegible] your payments are not received on their exact due dates or the Seller adds amounts to the amount you owe for any of the reasons stated below. For example, early payments would reduce your [illegible] payments, while late payments and additions to the amount you owe would increase it. Your final payment may also be different than the amount shown if the Seller figured the Payment Sche[illegible] assuming equal monthly payment periods and other factors that are permitted under the Truth in Lending Act. Your promise to pay requires you to pay the final payment on the date due (or at our o[illegible] we may require you to make additional payments until all amounts you owe are paid in full) even if it is different than the amount shown for any of these reasons.

**C. SECURITY INTEREST:** You hereby grant us a security interest under the California Uniform Commercial Code in the vehicle and all parts or accessories put on the vehicle and in all insurance premi[illegible] financed for you or rebates from insurance premiums, service contracts, and in the proceeds of any insurance policies covering the vehicle or credit or disability insurance policies financed hereu[illegible]. [illegible] security interest secures all sums which may become due under this contract, as well as any modifications, extensions, renewals, amendments, or re-financing of it.

**D. USE OF VEHICLE:** You agree to keep the vehicle free of all taxes and liens, except in favor of Seller, and not to use the vehicle—or permit the vehicle to be used illegally, improperl[illegible] [illegible] hire, or to expose the vehicle to misuse, seizure, or confiscation, or other involuntary transfer, even if the vehicle was not the subject of judicial or administrative action. You agree [illegible] make any material change in the vehicle or allow any material change in it to be made, or to remove the vehicle, or allow it to be removed from this State for a period in excess [illegible] days or transfer any interest in the vehicle. You agree to keep the vehicle in good working condition and make all necessary repairs. You agree not to remove the vehicle, nor to perm[illegible] removal from this country. Although we are not obligated to do so, if we elect to pay any liens, fees or taxes in connection with the vehicle, or to expend any other amount to protect [illegible] interest in the vehicle you will reimburse us, at our option: (i) within 5 days of our demand upon you to do so or (ii) we may add the dollar amount of any such liens, fees, taxes or o[illegible] charges we pay to the balance of this contract, accruing interest, from the time we pay such amounts until the time you pay them to us, at the annual percentage rate shown on the fac[illegible] this contract, with such dollar amount and interest due at maturity of this contract or in monthly installments due on the remaining payment dates shown on the face of this contract, a[illegible] might choose.

**E. INSURANCE:** You agree to keep the vehicle insured in favor of us with a policy satisfactory to us, with comprehensive fire, theft and collision coverage, insuring the vehicle in an amo[illegible] sufficient to cover the value of the vehicle. You agree to deliver the policies to us, and you agree that we may (i) contact your insurance agent to verify coverage or to add us as a loss paye[illegible] [illegible], (ii) make any claim under your insurance policy, (iii) cancel the insurance on your default, and (iv) receive any payment of loss or return premium, and apply the amounts receive[illegible] our option, to replacement of the property or to your indebtedness under this Agreement, including indebtedness not yet due. If you fail to maintain such insurance, we may, at our op[illegible], [illegible] such insurance to protect our interest in the property, and you agree to pay for such insurance and finance charges on the premiums at the annual percentage rate shown o[illegible] reverse, according to the notice we send you. You agree that any insurance we purchase may be for the protection of only our interest in the property, and may be for the remaining term o[illegible] [illegible] shorter period as we determine. You understand that the insurance premiums may be higher if we must purchase insurance than if you had purchased the insurance yours[illegible] [illegible] has been purchased in connection with this contract, any difference between the amounts shown in the Statement of Insurance for premiums which may arise from erro[illegible] [illegible], classification, grouping, or zoning, or changes in the type of insurance shall be payable by you on demand. You agree that we can use any proceeds from insurance to either r[illegible] replace the vehicle or to reduce your debt under this contract as we may decide. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged, or destroyed.

**F. PREPAYMENT OF AMOUNT OWED:** You may prepay all amounts due under this contract at any time. In addition, if you fail to make any payment when due or perform any other agreement prov[illegible] [illegible] this contract, we may, in addition to other remedies, declare all sums immediately due and payable. If you prepay, a portion of your balance, the payment will be credited first to interest an[illegible] [illegible] in the unpaid Amount Financed. Your next payment will be due on the next regular installment date. If you prepay in full you agree that we are entitled to a minimum finance charge as follows[illegible] [illegible] if the original Amount Financed does not exceed $1,000 (2) $50, if the original Amount Financed is more than $1,000, but not more than $2,000 or (3) $75, if the original Amount Financed is m[illegible] [illegible] $2,000. Your obligation will be determined, as applicable as of the date we are paid in full, or as of the date we recover the vehicle's value through its disposition, or upon entry of a court judg[illegible] [illegible] under this contract or if we elect to keep the vehicle in satisfaction of what you owe under this contract, as of the date we take possession of the vehicle.

**G. DEFAULT:** If you breach any warranty or default in the performance in any promise you make in this agreement, including, but not limited to, making of any payment when due, or become insolven[illegible] [illegible] proceeding under the U.S. Bankruptcy Code, or upon your demise, or if the vehicle is damaged, destroyed, or impounded, we may at our option and without notice or demand (1) decla[illegible] [illegible] immediately due and payable (2) file suit against you for all unpaid sums (3) take immediate possession of the motor vehicle (4) exercise any other legal or equitable remedy. Upon t[illegible] [illegible] motor vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any public sale. The proc[illegible] [illegible] applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to unpaid sums owing under this contract, including colle[illegible] [illegible] and attorney fees. If there is any money left over (surplus) it will be paid to you. If a balance still remains owing, you promise to pay the same upon demand. If you default or breach this agree[illegible] [illegible] finance charges at the annual percentage rate shown on the reverse side until all sums owing us are paid in full or judgement is entered. Our remedies are cumulative and taking o[illegible] [illegible] shall not be a waiver of or prohibit us from pursuing any other remedy. You agree that upon your default we shall be entitled to recover from you our reasonable collection costs, including, bu[illegible] [illegible] attorney's fee. In addition, if we repossess your vehicle, you grant to us and our agents permission to enter upon any premises owned by you. You agree we are entitled to recover from [illegible] [illegible] costs and expenses arising out of this repossession, including, but not limited to, any sums we pay third party agents. With respect to any sums we are entitled to recover pursuant t[illegible] [illegible] you will reimburse us, at our option: (i) within 5 days of our demand upon you to do so or (ii) we may add the dollar amount of any such sums, costs and expenses to the ba[illegible] [illegible] accruing interest, from the time we pay such amounts until the time you pay them to us, at the annual percentage rate shown on the face of this contract.

**H. WARRANTIES OF BUYER:** You promise that you have given true and correct information in your application for credit, you have no knowledge that will render that information untrue in the future, [illegible] [illegible] upon the correctness of that information in entering into this agreement; that upon request you will provide us with documents and other information necessa[illegible] [illegible] information contained in your credit application; and, that you have given us a true payoff amount on any vehicle traded in and that if it is not correct and is greater than the am[illegible] [illegible] this contract you will pay the excess to us upon demand.

**I. POWER OF ATTORNEY:** You hereby appoint us, as well as any of our appropriate officers or other employees, as your attorney-in-fact, with full power of substitution, to sign in your name, plac[illegible] [illegible] Certificate of Ownership, Registration Cards, applications, affidavits and/or any other documents required or necessary to transfer or convey any and all right, title and interest in and t[illegible] [illegible] person or persons, and to do and perform any and all other acts necessary or incident to the execution of the powers you hereby grant us, as fully and to all intents and purposes as you [illegible] [illegible] personally present. This grant of a power of attorney, being coupled with an interest, is irrevocable until all your obligations under this contract are fully satisfied or until judgement is entere[illegible].

**J. OTHER AGREEMENTS OF BUYER:** (1) In the event the estimated Department of Motor Vehicle fees are greater than the amount shown, you will pay the excess to us upon demand. If [illegible] [illegible] refund the excess to you. (2) You agree that if we accept monies in sums less than those due or make extensions of due dates of payments under this contract, doing s[illegible] [illegible] of any later right to enforce the contract terms as written. (3) We may charge you a $15.00 fee for the return by a depository institution of a dishonored check, negoti[illegible] [illegible] or share draft issued in connection with any payment due under this contract. (4) If the motor vehicle is repossessed we may store personal property found in the ve[illegible] [illegible] and at your expense, as permitted by law, and if you do not claim the property within 60 days after repossession, we may dispose of the personal property in any manne[illegible] [illegible] without liability to you. (5) If your payment is more than 10 days late you may be charged 5% of the late amount, or other such late charge as may be disclosed on the [illegible] [illegible]. (6) You will allow us to inspect the motor vehicle at any reasonable time and notify us of any change of your address within 30 days. (7) If we transfer this contract [illegible] [illegible] you agree that the assignee will have all our rights and remedies under this contract and you agree to pay all that is still owed under this contract at the times, and in the amoun[illegible] [illegible]. (8) That all of the agreements between us and you are set forth in this contract and no modification of this contract shall be valid unless it is made in writing and signed by [illegible] [illegible] have not requested confidentiality of your residence address and by signing this contract waive the provisions of section 1808.21 of the Vehicle Code and authoriz[illegible] [illegible] of Motor Vehicles to furnish your current residence address to the holder of this contract until it is paid in full. (10) Upon payment of this contract in full we may endors[illegible] [illegible] of Title and send it to any of you. (11) That any provision of this contract which may be held invalid shall not mean that this contract is unenforceable and the remaining provi[illegible] shall continue to be binding.

**K. RESCISSION RIGHTS:** (1) Buyer agrees to furnish seller any documentation necessary to verify information contained in the credit application of buyer. (2) Buyer acknowledges that it may take a few [illegible] [illegible] to verify the credit of buyer and assign the contract. In consideration of seller agreeing to deliver the vehicle, buyer agrees that if seller is unable to assign the contract to any one of the [illegible] [illegible] with whom seller regularly does business pursuant to terms of assignment acceptable to seller, seller may elect to rescind the contract. (3) In the event seller elects to rescind the contract, [illegible] [illegible] the date of the contract, give buyer notice of the rescission. Such notice is deemed given upon deposit of a written notice in the United States mail directed to buyer at the addre[illegible] [illegible] in the contract or upon any other manner in which actual notice is given to buyer. Upon receipt of such notice, buyer shall immediately return the vehicle to seller in the same condition as [illegible] [illegible] wear and tear excepted, and the contract shall then be deemed rescinded. Seller agrees, upon rescission of the contract, to restore to buyer all consideration received in connection wi[illegible] [illegible], including any trade-in vehicle. (4) In the event the vehicle is not immediately returned to seller upon notice of seller's election to rescind the contract, buyer shall be liable to seller for all exp[illegible] [illegible] by seller in obtaining possession of the vehicle, including attorney's fees, and seller shall have the right to repossess the vehicle with free right of entry wherever the vehicle may be found. (5) [illegible] [illegible] on buyer, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and all risk of loss or damage to the vehicle shall be [illegible] [illegible] buyer shall pay all reasonable repair costs related to any damage sustained by the vehicle while in the possession or control of buyer and until the vehicle is returned to seller.

**L. DELAY IN ENFORCEMENT:** We can delay or waive enforcement of any of our rights under this contract without losing them.

**M. SELLER'S WARRANTIES:** We disclaim any warranty or representation as to the accuracy of the mileage on the odometer. We do not warrant the correctness of the year of manufacture or mo[illegible] [illegible] vehicle. You agree that you have verified the description of the vehicle to your satisfaction and there is no warranty as to the correctness of the description of the vehicle. UNLESS YOU HAVE [illegible] GIVEN AN EXPRESS WARRANTY IN WRITING, THERE ARE NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE MERCHANTABILITY, SUITABILITY, FITNESS FOR PURPOSE, [illegible] OTHERWISE CONCERNING THE VEHICLE, PARTS OR ACCESSORIES DESCRIBED HEREIN.

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASS[illegible]T AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUN[illegible]R BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### NOTICE TO BUYER:

**(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely fille[illegible]n copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of y[illegible]r obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedn[illegible]s evidenced by this agreement.**

### ASSIGNMENT WITH RECOURSE

FOR VALUE RECEIVED, the Agreement herein assigned (on the reverse side) between the Purchaser and the Undersigned, and the property described, and all the rights, title and in[illegible] thereon of the Undersigned are hereby sold, assigned and transferred to:

its successors or assigns. The Undersigned jointly and severally hereby guarantee full performance of said Agreement in all its terms and the prompt payment of any and all sums pro[illegible] therein, together with collection expenses, costs and attorney fees, and agrees to pay any attorney fees and costs incurred in enforcing this guaranty. That Undersigned has not assiste[illegible] buyer in obtaining a loan from any third party to be used as a part of or all of the downpayment or any other payment on the within agreement, except as specifically indicated on the re[illegible] hereof. Undersigned warrants and represents that all requirements of the Federal Truth in Lending Law and any other consumer credit laws relating to the within agreement have been pro[illegible] satisfied and the Undersigned hereby agrees to indemnify said Assignee against and hold said Assignee harmless from all claims, actions, suits, proceedings, costs, expenses, loss dam[illegible], and liabilities, including attorney fees, arising out of, connected with, relating to, or resulting from any contention, whether well founded, baseless or otherwise, that there has been a vio[illegible] of, or failure, to comply with, any such laws in connection with the within agreement. The Undersigned jointly and severally hereby agree that in the event of the non-compliance with any [illegible] conditions of said agreement whether or not repossession has been made or undertaken, suit may be brought by the holder against any one or more or all of the parties herein, whether [illegible] suit has been commenced against the party or parties to said Agreement and without waiving any rights as to time of repossession. The Undersigned jointly and severally hereby agree [illegible] event of repossession or default by the Purchaser, the entire balance outstanding under said Agreement shall become immediately due and payable. Seller waives all rights and defen[illegible] such guarantor (including, without limitation, its rights under the provisions of sections 2845, 2849 and 2850 of the California Civil Code and any amendments thereof) and all demand[illegible] notices whatsoever. The Undersigned agrees to indemnify the holder of this contract from all claims, demands, loss and liability, including attorney fees, howsoever arising from the goods [illegible] hereunder or the making of this contract. The Undersigned jointly and severally hereby waive any and all notice of non-payment, demand, presentment or protest, which may be required [illegible] this Agreement or in connection therewith, and agree that any extensions or impairments of remedies which may be granted by the holder hereof to the parties to said Agreement shall [illegible] in any manner release the Undersigned. In the event that suit is instituted to enforce any of the terms of this Agreement the Undersigned jointly and severally hereby waive the right to ch[illegible]ge place of trial from the court originally acquiring jurisdiction. The Undersigned warrants that application has been made for California registration with said assignee as legal owner.

Dated ____________ at ____________
(Dealer's City and State)

Signed ____________ (Seal) By ____________
(Name of Dealer) (Officer, Firm Member or Owner)

### ASSIGNMENT WITHOUT RECOURSE

Primus Automotive Financial Services
P.O. Box 880030
Franklin, TN [illegible]

FOR VALUE RECEIVED, the undersigned (assignor) does hereby sell, assign and transfer to:

his, its or their right, title and interest in the within agreement, the property described therein, and the monies to become due [illegible] WITHOUT RECOUR[illegible], in consideration of the following representations and warranties: (a) that said agreement represents a bona fide sale and was actually executed in good faith by the purchaser therein name[illegible] [illegible] this assignor; (b) that at the time of such execution said purchaser was of legal age and competent to execute the agreement; (c) that the property which is subject to said agreement is [illegible] and accurately described therein, and has been delivered into the possession of said purchaser, and that application has been made for California registration with said assignee as legal o[illegible]; (d) that the amount recited as having been received as a down payment was actually paid in cash and not its equivalent, the undersigned has not assisted the Buyer in obtaining a loan from [illegible] third party to be used as a part of or all of the down payment or any other payment on the within agreement, except as specifically indicated on reverse hereof; that merchandise taken in [illegible] was received at not more than the reasonable market value thereof at the time of its receipt and that the terms of sale and statements set forth in the agreement and in the statem[illegible] of transaction are true and correctly set forth; (e) that the assignor has the full and complete title to the property sold, subject only to the rights of said purchaser; (f) that there a[illegible] no recoupments, counterclaims or set-offs on the part of the purchaser against the amounts payable, and that there have been no representations or warranties made to said purchase[illegible] not contained in the agreement; (g) that all information given concerning the purchaser is true and correct and that, to the undersigned's knowledge there is no material mis-statement [illegible] the purchaser's credit application submitted to assignee; (h) that the assignor has no information or reason to suspect that any provision of the agreement will be violated and that the purcha[illegible] is [illegible] a good moral and financial risk; (i) said contract, and the transaction evidenced thereby, and all disclosures to purchaser and other matters in connection with said contract are [illegible] all respects [illegible] with, all applicable federal and state laws and regulations governing the same; (j) seller agrees not to accept or take possession of paymen[illegible] on said property, without prior written consent of the holder of this contract; (k) Undersigned warrants and represents that all requirements of the Federal Truth in Lending Law and any [illegible] consumer credit laws relating to the within agreement have been properly satisfied and the Undersigned hereby agrees to indemnify said assignee harmless from all claims, actions, [illegible], proceedings, costs, expenses, loss, damages, and liabilities, including attorney fees, arising out of, connected with, relating to or resulting from any contention, whether well-founded, bas[illegible] or otherwise, that there has been a violation of, or failure to comply properly with, any such laws in connection with the agreement. Should any of the representations or warranties be fal[illegible] the assignor agrees to pay the assignee or holder, upon demand, the full unpaid balance of the within agreement, whether or not possession of the property covered hereby has been tak[illegible] by assignee or suit has been instituted against the purchaser or the assignor, or both. Assignor agrees that the taking of possession of said property shall not be deemed an election of rem[illegible], and assignor agrees to pay any deficiency thereafter remaining. If assignee is required to bring action against assignor in respect of the breach of any representation or warranty contai[illegible] in this assignment, assignor agrees to pay reasonable attorney fees and court costs incurred by assignee in such action. [illegible] or alterations o[illegible] said agreement or impairments of remedies which may be granted by the holder hereof, and waives any and all notice of non-payment, demand, presentment or protest, which otherwise mig[illegible] be required under this assignment or in connection therewith. Seller hereby waives all statutes of limitations and the defense thereof.

SOUTH COUNTY NISSAN
400 STUTZ WAY
GILROY, CA 95020

Dated 2-24-98 ______ (Dealer's City and State)

Signed SOUTH COUNTY NISSAN 400 STUTZ WAY GILROY, CA 95020 (Seal) [signature]
(Officer, Firm Member or Owner)

FORM NO. 553 [illegible]

EXHIBIT

B

PRIMUS Financial Services
P.O. Box 660090
FRANKLIN, TN 37068-0090
(800) 374-7000

| Date of Contract | Date of Notice |
|---|---|
| 02-28-1998 | 07-26-2000 |

| Account Number: | 016340064 | | |
|---|---|---|---|
| Buyer: | LEANDRO G. PEREZ | | |
| Co-Buyer: | BOBBY PEREZ | | |

| DESCRIPTION OF VEHICLE | | |
|---|---|---|
| Year | Make | Model |
| 1997 | GMC | SONOMA |

| Vehicle Identification Number: | 1GTCS1446V8502238 | |
|---|---|---|
| Dealer's Name | | Dealer's Phone |
| SOUTH COUNTY NISSAN | | (408) 842-1777 |
| Dealer's Address | | |
| 400 STUTZ WAY, GILROY CA 95020- | | |

LEANDRO G. PEREZ
110 NESTLEY RD
SOLEDAD, CA 93960-0000

## RIGHTS OF DEFAULTING PARTIES UNDER CALIFORNIA AUTOMOBILE SALES FINANCE ACT

To get your property back, pay us this amount in cash, certified check, or money order before the vehicle is sold.

☒ We've repossessed your vehicle.

YOU ARE IN DEFAULT UNDER YOUR CONTRACT AS FOLLOWS:

☐ Overdue payments:

| | Amount | | Due |
|---|---|---|---|
| $ | | 5-24-2000 | |
| $ | | | |
| $ | | | |

☐ You have voluntarily turned in your vehicle to us.

☐ Failure to obtain or maintain required insurance.

☐ Other: _____

☐ Seizure/Impound: Your vehicle has been seized by a Police Department due to a suspended or revoked driver's license.

### HOW TO GET YOUR VEHICLE BACK

You may redeem the vehicle by:

☒ Paying us the amount set out under "REDEEMING" below within the time period indicated or before the vehicle is sold, whichever is later.

☒ Providing us with proof of valid driver's license or valid temporary driver's license set out under "REDEEMING" below.

You can restore the contract and pay any future monthly payments as they become due. This is called "reinstatement." To do this you will have to:

☒ Paying us the amount set out under "REINSTATEMENT" below within the time period indicated.

☒ Provide proof of insurance set out under "REINSTATEMENT" below within the time period indicated.

☒ Provide us with proof of valid driver's license or valid temporary driver's license set out under "REINSTATEMENT" below.

You may not cure the default and reinstate the contract because:

☐ The contract has, prior to the above described default, been reinstated once before within the last 12 months or twice before during the term of the contract.

☐ Other (Specify): _____

| REINSTATEMENT | REDEEMING |
|---|---|

**REINSTATEMENT**

To REINSTATE your contract you must do the following:

☒ Pay to Creditor in cash, certified check or money order within __20__ days from the date of this notice, the following amount:

| Installment(s) past due | $ | 674.30 |
|---|---|---|
| Default collection and delinquency charges | $ | 113.43 |
| Expenses of retaking the vehicle | $ | 340.00 |
| Expenses of repairing the vehicle | $ | |
| Expenses of storing the vehicle | $ | |
| TOTAL | $ | 1,127.73 |

(Plus payments or expenses that may become due or be incurred during the period stated above)

☒ Furnish proof of required insurance with loss payable endorsement to Creditor within __20__ days from the date of this notice.

☒ Furnish proof of valid driver's license or valid temporary driver's license to Creditor within __20__ days from the date of this notice.

☒ Other (specify) __SEE ATTACHED__

If you cure the default within the time allowed the contract will be reinstated and you may continue on with the transaction as though no default has occurred.

Send all payments/correspondence to the address shown on the letterhead above.

**REDEEMING**

To REDEEM your vehicle you must do the following:

☒ Pay to Creditor in cash, certified check or money order within __20__ days from the date of this notice, the following amount:

| Unpaid contract balance | $ | 9,314.91 |
|---|---|---|
| Delinquency and collection charges | $ | 113.43 |
| Expenses of retaking the vehicle | $ | 340.00 |
| Expenses of repairing the vehicle | $ | |
| Expenses of storing the vehicle | $ | |
| Other: (Specify) SEE ATTACHED | $ | |
| Sub-Total | $ | 9,768.34 |
| Less: Refund of unearned finance charge | $ | |
| Unearned insurance premium | $ | |

TOTAL AMOUNT REQUIRED TO REDEEM THE VEHICLE AS OF THE DATE OF THIS NOTICE OF
$ ____9,768.34

(Plus expenses incurred and less rebate received after the date of this notice.)

☒ Furnish proof of valid driver's license or valid temporary driver's license to Creditor within __20__ days from the date of this notice.

Upon written request (you may use the enclosed form for this purpose) personally served or sent by first-class mail, postage prepaid, or certified mail, return receipt requested, to our branch address shown above, we will extend for an additional 10 days the redemption period or, if entitled, the reinstatement period described above.

### IMPORTANT NOTICE

☐ The law requires your vehicle be held for a 30 day impoundment period. We cannot release the vehicle to you until after _____ days even if you redeem or reinstate.

☐ Your vehicle has been (or will be) returned to the dealer named above. Under our agreement with your dealer, the dealer is to sell the vehicle and pay you any money left over. If the vehicle is redeemed or the contract reinstated, the vehicle may be reclaimed at the dealer's address above.

☒ Your vehicle is in the custody of and will be sold by Creditor. If the vehicle is redeemed or the contract is reinstated, the vehicle may be reclaimed at:
BAY CITIES AA, 29900 AUCTION WAY, HAYWARD CA 94544

SEE OTHER SIDE FOR IMPORTANT INFORMATION

Your vehicle won't be sold until __20__ days after the date of this notice at the EARLIEST. After that you can still get it back by REDEEMING it anytime before it is actually sold. If you do we'll have no further claim on it. But the longer you wait, the more costs (including repairs) you may have to pay.

MILEAGE DISCLOSURE - If you are aware that the mileage reflected on the vehicle's odometer is not accurate for any reason, please contact us so that we can accurately report the vehicle's mileage.

☒ PERSONAL PROPERTY - Any Personal Property found in our collateral may be reclaimed by you within the next 60 days or, in accordance with state law, by contacting this office. Thereafter, the personal property shall be discarded accordingly.

NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.

If the vehicle has been returned to the dealer and if the vehicle is not redeemed or the contract is not reinstated within the time periods specified on the reverse side the dealer will dispose of the vehicle by private sale. Upon written request personally served or sent by first-class mail, postage prepaid, or certified mail, return receipt requested, to the dealer at the dealer's address on the reverse side, the dealer will furnish you with a written accounting regarding the disposition of the vehicle; providing, such request is made within one year of the date of the disposition of the vehicle.

If the vehicle is in the custody of Creditor and if the vehicle is not redeemed or the contract is not reinstated within the time periods specified on the reverse side the vehicle will be disposed of by private sale. Upon written request personally served or sent by first-class mail, postage prepaid, or certified mail, return receipt requested, to our branch address shown on the reverse side, we will furnish you with a written accounting regarding the disposition of the vehicle; provided, such request is made within one year of the date of the disposition of the vehicle.

The proceeds of the sale shall be applied to the reasonable expenses of retaking, holding, preparing for sale, selling said property and reasonable attorney fees and legal expenses permitted by law, then to the satisfaction of the balance due under the contract covering the financing of said property and then to the satisfaction of any indebtedness secured by any subordinate security interest in said property.

INSURANCE RIGHTS: If you don't want to get your property back, call the insurance company or the dealer/original creditor to make sure that any insurance has been cancelled. You have a right to get credit for all premium refunds.

RIGHT TO MONEY LEFT OVER FROM SALE: When your vehicle is sold, the sale price minus expenses will be deducted from your debt. If any money is left over, it must be paid to you within 45 days after the sale. If you don't get this money, you may have a right to sue for it plus penalties under state law.

REMAINING DEBT - The sale price might not cover your debt and expenses. If that happens, you'll owe the difference to us or the dealer original creditor. We intend to pursue our claim against you for the amount of such difference due and owing to us. If the property is returned to the dealer/original creditor, the dealer/original creditor may pursue his claim against you for the amount of the difference due and owing the dealer/original creditor.

Upon the disposition of your vehicle, you will be liable for the deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to Section 3289 of the California Civil Code if there is no contract rate of interest, from the date of disposition of your vehicle to the date of entry of judgement.

If you have any questions or wish to make payment of any amount listed on the reverse side, you may contact the person whose signature appears on the front of this notice.

ENCLOSURE

Very truly yours,
DEBBIE ARGO

FCNA 11989 Jul 99 Previous editions may NOT be used.

Page 2 of 2

PRIMUS Financial Services
P.O. Box 880090
FRANKLIN, TN 37068-0090
(800) 374-7000

| Account Number: | | | |
|---|---|---|---|
| | 015340084 | | |
| DESCRIPTION OF PROPERTY | | | |
| Year | Make | | ☐ New |
| 1997 | GMC | | ☒ Used |
| Vehicle Identification Number: | | | |
| 1GTCS1448V8502238 | | | |
| Model | | Body | |
| SONOMA | | | |

LEANDRO G. PEREZ
110 NESTLEY RD
SOLEDAD, CA 93960-0000

### Request for Extension of Redemption/Reinstatement Period

To: Creditor

The undersigned hereby requests that you extend for an additional 10 days the redemption period and, if entitled, the reinstatement period provided for in the Rights of Defaulting Parties Under California Automobile Sales Finance Act received by the undersigned from you and dated __07-26-2000__ .

_____
Buyer

_____
Co-Buyer or Guarantor

Date Signed _____

Note: This request must be personally served by first class mail, postage prepaid, or certified mail, return receipt requested, to the Creditor office shown below:

PRIMUS Financial Services
_____

P.O. Box 880090
_____
Street & No.

FRANKLIN,          TN       37068-0090
_____
City          State          Zip Code

FCNA 11821 SEP 99

Date:    07-26-2000

Re: Account Number:    016340064

Dear LEANDRO G  PEREZ

California law requires that a customer pay a $15 administrative fee to the police department originally notified of the repossession in order to redeem the vehicle and reinstate the contract. You must pay this fee directly to the police department prior to vehicle redemption or contract reinstatement.

> When you pay the $15 fee to the police department, you must retain the receipt from the police department and provide to Creditor as proof of payment upon vehicle redemption and contract reinstatement.

If you have any questions, please call one of our Customer Service Representatives at the number listed above.

Sincerely,

DEBBIE ARGO

DOC 604-2  SEP 99

1  Brian N. Winn (State Bar No. 86779)
   Stephen R. Pritsker (State Bar No. 158566)
2  John E. Gordon (State Bar No. 180053)
   Winn and Sims, a Professional Corporation
3  110 E. Wilshire Avenue, Suite 212
   Fullerton, CA 92832
4  Telephone: (714) 446-6686
   Fax No.: (714) 446-6680
5  File No.: 06-13747-0
   Attorneys for Plaintiff
6

# FILED

NOV 1 6 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINE, DEPUTY

7

8

9              SUPERIOR COURT OF CALIFORNIA

10          MONTEREY COUNTY,   MONTEREY DISTRICT

11  CAVALRY PORTFOLIO SERVICES, LLC, as     **BY FAX**
    assignee of CAVALRY SPV I, LLC, as assignee
12  of PRIMUS AUTO FIN. SVCS.              Case No.  **M 8 1 7 0 8**

13                              Plaintiff,   DECLARATION RE: VENUE

14  vs                                      [C.C. Section 2984.4]

15  LEANDRO G PEREZ, ET AL.                 "LIMITED CIVIL MATTER"

                            Defendant(s),
16

17  I, the undersigned, hereby declare that:
    1. The contract herein sued upon is hereinafter called and referred to as "the contract".
18  2. This action is filed in the judicial district in which:
        [ ]  The contract was in fact signed.
19      [X]  One of the defendant(s) currently reside(s).
        [ ]  One of the defendant(s) resided when the contract was entered into.
20  3. The address that qualifies this case for the above-referenced jurisdiction is: 461 El Camino
    Real S, Salinas, CA 93908.
21      I declare under penalty of perjury that the foregoing is true and correct. Dated and executed on
    October 17, 2006, in the City of Fullerton, State of California.

22

23                                          Brian N. Winn

24

25

26

27

28

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: WINN AND SIMS, APC     TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|
| BRIAN N. WINN (SB# 86779)                                      714-446-6686<br>JOHN E. GORDON (SB# 180053)          FAX     714-446-6680<br>NAOMI S. BRICKEY (SB# 240597)<br>JONATHAN B. KLEIN (SB# 236982)<br>110 E. WILSHIRE AVENUE, SUITE 212<br>FULLERTON, CA  92832<br>FILE NO: 06-13747-0 - EMC (1910-00)<br>ATTORNEY FOR *(Name)*:  Plaintiff | **FILED**<br><br>**MAY 0 7 2007**<br><br>LISA M. GALDOS,<br>CLERK OF THE SUPERIOR COURT |
| Insert name of court and name of judicial district and branch court, if any:<br>SUPERIOR COURT OF CALIFORNIA, MONTEREY COUNTY<br>SALINAS DISTRICT, LIMITED | _____ DEPUTY<br>ANDY KIM |

| PLAINTIFF/PETITIONER: CAVALRY PORTFOLIO SERVICES, LLC, et al. |
|---|
| DEFENDANT/RESPONDENT: LEANDRO G PEREZ, et al. |

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [ ] **Personal Injury, Property Damage, or Wrongful Death**<br>     [ ] **Motor Vehicle**    [ ] **Other**<br>[ ] **Family Law**<br>[ ] **Eminent Domain**<br>[X] **Other** *(specify)*:  Complaint for Money | M81708 |

| — A conformed copy will not be returned by the clerk unless a method of return is provided with the document. — |
|---|

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice      (2) [ ] Without prejudice
   b. (1) [ ] Complaint           (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
      (4) [ ] Cross-complaint filed by *(name)*:                          on *(date)*:
      (5) [ ] Cross-complaint filed by *(name)*:
          [X] Entire action of all parties and all causes of action
      (6) [ ] Other *(specify)*:*

Date:  April 30, 2007

Naomi S. Brickey
_____
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                      ► _____ (SIGNATURE)

* If dismissal requested is of specified parties only, of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                      ► _____ (SIGNATURE)

** If a cross-complaint–or Response (Family Law) seeking affirmative
relief–is on file, the attorney for the cross-complainant (respondent)
must sign this consent if required by Code of Civil Procedure section
581(i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

*(To be completed by clerk)*
3. [X] Dismissal entered as requested on *(date)*:   **MAY 0 7 2007**
4. [ ] Dismissal entered on *(date)*:                              as to only *(name)*:
5. [ ] Dismissal not entered as requested for the following reasons *(specify)*:   **MAY 0 7 2007**
6. [X] a. Attorney or party without attorney notified on *(date)*:   **MAY 0 7 2007**
       b. Attorney or party without attorney not notified.  Filing party failed to provide            LISA M. GALDOS
          [ ] a copy to conform    [ ] means to return conformed copy

Date:  **MAY 0 7 2007**                    Clerk, by _____ ANDY KIM , Deputy

Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov

EXHIBIT 2

